THEODORE TEITELBAUM, Appellant, *v.* STANLEY J. HALLE and Others, Individually and as Copartners Trading as HALLE & STIEGLITZ, Respondents, Impleaded with JOSEPH LANDAU and Another, Defendants.

First Department, December 20, 1932.

*Mortimor S. Gordon* of counsel [*Herman Keller* with him on the brief], for the appellant.

*Osmond K. Fraenkel* of counsel [*Goldsmith, Jackson & Brock*, attorneys], for the respondents.

O'MALLEY, J. Plaintiff's assignor, Landau, was a customer of the defendants, a firm of stockbrokers. The action is brought to recover

a credit balance in Landau's favor. Against the credit which is conceded, the defendants seek to offset Landau's liability on his guaranty of the account of a customer, Lillian Bernfeld, whom Landau introduced to the defendants. Landau claims to have .canceled the guaranty prior to the time the indebtedness with which he is sought to be charged was incurred; and accordingly claims to be entitled to recover the full credit balance in his favor.

Adopting the view that the notice of cancellation, if any, was not brought to the attention of any one authorized on behalf of the defendants to accept it, the trial justice held as a matter of law that Landau was liable upon the guaranty. This ruling was predicated upon the decision of the Court of Appeals in *Bosak* v. *Parrish* (252 N. Y. 212). The judgment in plaintiff's favor was in the amount that Landau's credit balance exceeded his liability upon the guaranty.

Plaintiff's appeal is predicated upon the claim that the authority of the person to whom Landau gave notice of cancellation to bind the defendants presented a question for the jury.

We are of opinion that the authority relied upon by the learned trial justice is distinguishable and not decisive upon the facts here presented. In the *Bosak* case the notice of revocation of the power of attorney was given to a customer's man who had been vested with discretionary authority under such to trade on behalf of the customer who sought to avail himself of the revocation. It was accordingly held that notice in such circumstances was notice to the customer's agent only, and not to the defendants, the employers of the customer's man, who were not bound in the absence of direct notice to them.

Here it is true that the notice was likewise given Mardfin, defendants' customer's man. However, in Landau's course of dealings with the defendants, extending over a period of from seven to eight years, he dealt with no other representative of the defendants, except to communicate occasionally with the clerk in charge of margins. It was Mardfin who required and secured from Landau the guaranty as a condition of opening the account of the customer Bernfeld, whom Landau introduced. In fact, the giving of the guaranty was made a condition of the acceptance by the defendants of the account. Concededly Mardfin was vested with authority to exact the guaranty. In addition, the evidence discloses that the securing of business for the defendants was among the various duties performed on their behalf. Here, the customer's man was acting generally for the defendants. He was not the special agent of Landau, the defendants' customer.

In this view of the evidence we are of opinion that it was for

the jury to say whether notice to Mardfin was not notice to the defendants.

It follows that the judgment, so far as appealed from, should be reversed and a new trial granted, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment so far as appealed from reversed and a new trial ordered, with costs to the appellant to abide the event.